BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
WAYNE KRAMER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WAYNE KRAMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio Registered Corporation, and DOES 1-100,<br><br>　　　　Defendants. | CASE NO: 2:20-cv-10705<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1) VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY (CAL. CIV. CODE § 3344.1);**<br>**2) VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY; and**<br>**3) FALSE ENDORSEMENT (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.　This Court has subject matter diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

2.   This Court has personal jurisdiction over Defendant in that, among other things, Defendant does business in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District.

3.   Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a).

## THE PARTIES

4.   Plaintiff WAYNE KRAMER is now, and at all times mentioned in this Complaint was, a citizen of the United States, residing in Studio City, California.

5.   Defendant THE PROCTER & GAMBLE COMPANY is now, and at all times mentioned in this Complaint was, a corporation with its principal place of business at 4400 Easton Commons Way, Suite 125, Columbus OH 43219.

## BACKGROUND

6.   Plaintiff Wayne Kramer was the founder of legendary band the MC5. Kramer is widely cited by both critics and fellow musicians as having co-created the prototype for the musical genres punk rock and heavy metal. In 1969, the MC5 released the politically incendiary and musically revolutionary hit album "Kick Out the Jams" on Elektra Records. In addition to having an illustrious musical career as well as being cited by Rolling Stone Magazine as a "Top 100 Guitarist of All Time," Mr. Kramer is a prominent and vigorous social activist. A true music legend, Mr. Kramer is much more than a widely respected sonic innovator. He is also a devoted activist who has channeled his personal journey into a commitment to social change spanning decades. In furtherance of his activism, Mr. Kramer co-founded Jail Guitar Doors, a Los Angeles-based 501(c)(3) non-profit organization that uses donated musical instruments and devoted teaching artists to rehabilitate incarcerated men and women, as well as justice-involved children.

7.   Guided by a deep belief in the power of positive personal transformation through music, Mr. Kramer's work with the incarcerated through Jail Guitar Doors

serves as an inspiration for artists everywhere to use their platforms toward positive social change. Mr. Kramer has been the subject of several documentaries and television programs highlighting both his musical and philanthropic endeavors, including the PBS Special Series "Lifecasters: The Beast and The Angel." Mr. Kramer is the recipient of a number of prestigious awards, including: (1) a special recognition proclamation by the City of Los Angeles for his accomplishments and service to Los Angeles County via Jail Guitar Doors; (2) a California Lawyers for the Arts "Artistic License Award" in recognition of his work using music as rehabilitation in the communities of both male and female adult and juvenile incarcerated population; (3) The Future of Music Coalition "Voice of Change" honor in recognition of his lifelong commitment to creative expression; (4) the Psychiatric Rehabilitation Association "Board of Directors Award" for the use of his experience and talent to advance recovery; and (5) the recipient of various music awards including the prestigious Kerrang Magazine's "Icon Award." He is also a guest lecturer at California Institute of the Arts, University of California Los Angeles, Loyola University New Orleans, Georgetown University, and numerous others.

8. Mr. Kramer has a substantial impact and a great range in the music industry.

9. Mr. Kramer alone holds the publicity rights, including the use of Mr. Kramer's name, likeness, image, and identity for commercial purposes.

10. Mr. Kramer's established signature stars and stripes Fender guitar has become synonymous with his image and brand.



(*See* https://www.fender.com/articles/artists/what-i-know-so-far-wayne-kramer/.)

11. In 2011, Fender released a limited-run replica of the guitar as the Fender Wayne Kramer Stratocaster. Fender promoted the guitar through a video featuring Mr. Kramer holding, displaying, and discussing the guitar.



(*See* https://www.youtube.com/watch?v=3C2XlrCzVf0.)

12. On or about December 2018, Defendant was advertising, marketing, and distributing products using Mr. Kramer's name, image and/or likeness.



13. Defendant's design of the aforementioned body wash product was clearly inspired by Mr. Kramer's performances:



(*See* https://riotfest.org/2017/06/wayne-kramers-youtube-page-becomming-treasure-trove-mc5-fans/) (website last viewed December 13, 2019.)



(*See* https://twitter.com/waynekramer.)



(*See* https://www.fordtheatres.org/calendar/rock-out-5-2019.)

14. Defendant's products which incorporated Mr. Kramer's name, image and/or likeness were available for purchase to the public and were sold in stores throughout the United States.

15. On or about December 30, 2018 Defendant's product was advertised and sold on its website www.oldspice.com.







16. On information and belief, the aforementioned products have been removed from Old Spice's website. However, as of December 6, 2019, aforementioned products are still available for online purchase at Walmart.com.



(See https://www.walmart.com/ip/Old-Spice-Guitar-Solo-Scent-Body-Wash-for-Men-21-fl-oz/307088377.)

17. Defendant had no authority from Mr. Kramer to produce, advertise, market, and/or distribute products with Mr. Kramer's name, image and/or likeness.

18. Defendant did not have a license or any other form of consent to use Mr. Kramer's name, image, and/or likeness in any way.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY- CAL. CIV. CODE § 3344.1

19. Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 18, as set forth herein.

20. No one other than Mr. Kramer holds his publicity rights, including the use of Mr. Kramer's name, image, likeness, and identity for commercial purposes.

21. Plaintiff is informed and believes that in or about December 2018, and continuing to this date, Defendant has willfully and knowingly infringed on the publicity rights of Mr. Kramer for its own purpose of advertising or selling, or soliciting purchases of products, merchandise, and goods, even after being informed of this claim.

22. The appropriations were unauthorized and without Plaintiff's consent.

23. The appropriations usurped Plaintiff's ability to control the subject publicity rights and diluted his ability to effectively market such images, all to the detriment of Plaintiff.

24. Plaintiff is informed and believes, and on other basis, alleges that as a proximate result of the advantage accruing to Defendant from said appropriation, Plaintiff has been/or will be deprived of monetary sums in an amount to be determined in the further course of this litigation.

25. Defendant's actions caused confusion in the marketplace. Namely, Mr. Kramer's fans were placed under the false belief that such use was actually authorized by Mr. Kramer.



26. Defendant's acts of violation of statutory right of publicity against Plaintiff have caused Plaintiff damage in that the value of merchandise actually authorized by Plaintiff is diluted in the marketplace.

27. In addition, Mr. Kramer's goodwill, reputation, and business has been and will continue to be irreparably harmed by Defendant unless it is enjoined from its exploitative and infringing commercial business practices and from using Mr. Kramer's image and likeness. Given Mr. Kramer's established brand and image, professional reputation, and moral commitment as a champion for the working class, he never would have licensed his image or likeness in connection with the sale of Defendant's body wash products.

28. Mr. Kramer would have never authorized Defendant to use his image or likeness as it would never be in his interest to be associated with aforesaid body wash product and more importantly Defendant and the advertising website "Old Spice" which does not incarnate any of the values Mr. Kramer represents and to which has dedicated most parts of his life.

29.  As a result, Mr. Kramer is appalled, disgusted, and embarrassed to see his image and/or likeness falsely endorsing Defendant's products because such unauthorized use creates a perception of hypocrisy in the public eye and irreparably undermines the important international social work that has been Mr. Kramer's adult life's mission, the value of which is immense and cannot be overstated.

30.  Importantly, the Wayne Kramer and MC5 fans are disappointed to see Mr. Kramer's image offered in connection with a body wash product by a company named "Old Spice", thereby tarnishing the reputation of Mr. Kramer.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY

31.  Plaintiff repeats, alleges, and incorporates by reference Paragraphs 1 through 30, as though fully set forth herein.

32.  Plaintiff is informed and believes that in or about 2018, Defendant willfully and knowingly infringed on the publicity rights of Mr. Kramer by appropriating the identity of Mr. Kramer for its own purpose of advertising or selling, or soliciting purchases of products, merchandise, and goods, even after being informed of this claim.

33.  No one other than Plaintiff hold a license or any other form of consent from Mr. Kramer to use his image, likeness, or identity.

34.  The appropriation usurped Plaintiff's ability to control the subject publicity rights and diluted his ability to effectively market such images, all to the detriment of Plaintiff.

35.  Plaintiff is informed and believes, and on that basis, alleges that as a proximate result of the advantage accruing to Defendant from said appropriation, Plaintiff has been and/or will be deprived of monetary sums in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE ENDORSEMENT

**(SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125 (A))**

36. Plaintiffs repeat, allege, and incorporate by reference Paragraphs 1 through 35, as though fully set forth herein.

37. Since approximately on or about December 2018 to the date of this Complaint, Defendants have created, manufactured, marketed and sold, body wash products prominently featuring Mr. Kramer's likeness in conjunction with the signature stars and stripes Fender guitar which has become synonymous with Mr. Kramer's image and band.

38. Defendant, by its intentional and unauthorized appropriation and use of Mr. Kramer's image and likeness has engaged, and is continuing to engage, in acts of the wrongful deception of the purchasing public, with the effect of confusing customers into believing that Defendant is legitimately connected with, or sponsored or approved by Wayne Kramer along with wrongful deprivation of Mr. Kramer's good name and reputation.

39. Defendant's use of the likeness of Mr. Kramer constitutes a false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive as to the endorsement, affiliation, connection, or association of Defendant with Mr. Kramer

40. Defendant's unauthorized and infringing activities as described herein has been knowing, intentional, and malicious, and its misuses were carried out with the intent to trade upon the goodwill and reputation of Mr. Kramer

WHEREFORE, Plaintiff, WAYNE KRAMER, by and through his attorney, respectfully prays for judgment against Defendants, THE PROCTER & GAMBLE COMPANY and DOES 1-100, for:

    A. Compensatory damages for Defendant's unauthorized use of Mr. Kramer's image and/or likeness;

B. An accounting for, and payment to the Plaintiff as actual damages, all gains, profit and advantages derived by Defendant as a result of its unfair trade practices, unfair competition, and false endorsement;

C. Additional damages for an amount determined in the further course of this litigation for unfair and deceptive trade practices, competition, and false endorsement;

D. Punitive damages for willful violation of Cal. Civ. Code § 3344;

E. Reasonable attorney fees;

F. The costs of this action including, but not limited to, expert fees;

G. Pre-judgment interest according to law; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: November 24, 2020          Respectfully submitted,

**WAYNE KRAMER**
 */s/ Heather L. Blaise*
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*